UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GEORGE BANKS,
    Plaintiff,

vs.                                10-1311

FCI PEKIN, et al.
    Defendants.

## MERIT REVIEW ORDER

This cause is before the court for merit review of the Plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The pro se Plaintiff, George Banks, filed a three page document with the court on October 6, 2010, which was filed as a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). [d/e 1]. The next day, the Plaintiff was informed that the clerk had accepted his document as a complaint, but he had not paid the $350 filing fee or filed a motion to proceed *in forma pauperis*. *See* October 7, 2010 Text Order. The Plaintiff was admonished that he must either pay the fee or file the motion within the next 21 days or his case would be dismissed without prejudice. *Id.* The Plaintiff responded by filing a motion to proceed *in forma pauperis* with his trust fund ledgers attached.

The court is now required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff's complaint is a three page, handwritten document that is not on a standardized complaint form. The first page is a letter asking for a "ruling on this matter" and "a copy of this complaint file." (Comp, p. 1). The remaining two pages begin with a caption identifying three defendants: the Federal Correctional Institution in Pekin, Warden Rios and "Staff." (Comp., p. 2)

The Plaintiff says on September 19, 2010 he was sexually assaulted by his cell mate. The Plaintiff says a Lieutenant at the facility asked the Plaintiff why he did not report the problem with his cell mate. It appears the Plaintiff is claiming he did try to alert staff he was in danger and now wants an investigation into the incident. The Plaintiff has failed to articulate a violation of his constitutional rights.

First, the Plaintiff could not have exhausted his administrative remedies for this claim. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

Failure to exhaust is an affirmative defense. *See Jones v Bock,* 549 U.S. 199 (2007). However, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002).

The Plaintiff says the assault occurred on September 19, 2010, and he filed his complaint a little more than two weeks later on October 6, 2010. The Plaintiff could not have filed a grievance, received a response, appealed that grievance and received a further response in such a short time period.

In addition, if the Plaintiff were intending to allege a violation of his constitutional rights, he has failed to articulate his claim. "Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in their charge from harm from other prisoners." *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). Failure to provide this protection violates the Eighth Amendment only if "deliberate indifference by prison officials [to the prisoner's welfare] effectively condoms the attack by allowing it to happen." *Haley v Gross*, 86 F. 3d 630, 640 (7th Cir. 1996). "Thus, in order to establish the liability of a prison official, a Plaintiff must establish that the official knew of the risk (or a high probability of the risk) and did nothing." *Pope v Shafer,* 86 f.3d 90, 92 (7th Cir. 1996). "[A] negligent failure to protect an inmate from harm by fellow inmates is not actionable under the Eighth Amendment or directly under the Due Process Clause." *Lewis El v. O'Leary*, 631 F.Supp. 60, 62 (N.D.Ill.1986**0.**

In this case, the Plaintiff has not alleged that he warned any staff member that he was in danger nor has he alleged that any staff member had any other reason to know he was in danger prior to the attack. The Plaintiff has also failed to name any specific individuals in the body of his complaint.

The court notes that the Plaintiff has filed "affidavits" with the court. [d/e 3]. The Plaintiff is apparently asking for a medical examination by medical personnel outside of the correctional facility and for unspecified compliance with the Freedom of Information Act. The Plaintiff did not clearly identify these documents as motions requesting court action. However, the Plaintiff has failed to articulate a violation of his constitutional rights, so his requests are moot.

**IT IS THEREFORE ORDERED:**

1) The Plaintiff's complaint is dismissed for failure to exhaust administrative remedies as required pursuant to 42 U.S.C. §1997e(a); and for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed, with the parties to bear their own costs.

2) The Plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the Plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the Plaintiff's trust fund account to the clerk of court each time the Plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.

3) The Plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

4) The clerk is directed to mail a copy of this order to the Plaintiff's place of confinement, to the attention of the Trust Fund Office.

5) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 1st day of November, 2010.

s/Michael M. Mihm
───────────────────────────────
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE